IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

RICHARD M. THOMPSON,             )
                                 )
        Plaintiff,               )
                                 )
v.                               ) CASE NO. CIV-04-576-S
                                 )
JO ANNE B. BARNHART,             )
Commissioner, Social Security    )
Administration,                  )
                                 )
        Defendant.               )

**FILED**

**JAN - 3 2006**

WILLIAM ~
Clerk, U S
By:_____
    Deputy Clerk

## FINDINGS AND RECOMMENDATIONS

Claimant, Richard M. Thompson, pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED AND REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment..." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy..."

Id. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term substantial evidence has been interpreted by the U.S. Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not reweigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also Casias, 933 F.2d at 800-01.

---

[1] Step one requires claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. See id. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

### Claimant's Background

Claimant was born on November 4, 1968, and was 32 at the time of his initial hearing. He was 35 years old at the time of the second decision in this case. He has a high school equivalency degree. Earlier in his life, Claimant worked as an order filler in a warehouse and as a military policeman. Claimant began working October 28, 2001 as a computer specialist for Atoka Tractor. Claimant alleges an inability to work beginning March 28, 1999 due to degenerative disc disease of the low back. He also alleges that he suffers from depression, dizziness, vomiting, and bladder incontinence.

### Procedural History

On February 28, 2000, Claimant first applied for disability benefits under Title II (42 U.S.C. § 401, et seq.) and Title XVI (42 U.S.C. § 1381, et seq.). Claimant application for benefits was denied in its entirety initially and on reconsideration. A hearing before Administrative Law Judge(ALJ), Michael Kirkpatrick was held on May 1, 2001 in Hugo, Oklahoma. By decision dated August 20, 2001, the ALJ found that Claimant was not disabled at any time through the date of the decision. On October 9, 2001, the Appeals Council denied review of the ALJ's findings. On October 7, 2002, Claimant filed an appeal of the ALJ's decision with the United States District Court for the Eastern District of Oklahoma. Commissioner filed a Motion to Remand on June 18, 2003 contending the ALJ erred in evaluating Claimant's impairments under the Listings and Claimant's past relevant work. On July 17, 2003, the case was reversed and remanded for further administrative proceedings.

A second hearing before ALJ Michael Kirkpatrick was held on June 2, 2004 in Ada, Oklahoma. By decision dated August 31, 2004, the ALJ found that Claimant was not disabled at

Step 1 of the sequential evaluation beginning October 28, 2001. Further, the ALJ determined Claimant was not disabled from March 28, 1999 through October 28, 2001. Claimant did not file a request for review with the Appeals Council. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at steps 4 and 5 of the sequential evaluation. He found that Claimant had the residual functional capacity (RFC) to perform light work.

### Review

Claimant asserts that the Commissioner, through the ALJ erred in (1) failing to properly consider the evidence allegedly supporting a finding of disability and interposing his own medical judgment to support his conclusions; and (2) finding Claimant retained the RFC to perform a wide range of light work.

### Failure to Consider Evidence

Claimant contends the ALJ engaged in a selective and inaccurate description of the medical evidence. Further, claimant asserts the ALJ erred by inappropriately interposing his own medical opinion to support his conclusions.

Claimant has undergone a series of diagnostic testing of his lumbar spine. On August 4, 1999, x-rays revealed possibly positional minimal to mild rotoscoliosis, mild degenerative changes along the lumbar spine, and mild disc space narrowing at the L5-S1 level. (Tr. 118) On January 14, 2000, an MRI of the lumbar spine showed a right parasagittal posterior disc bulge that appeared to impinge upon the thecal sac with the AP dimension measuring 1 cm in the midline. There was a mild impingement of the neuroforamina on the right at the L4-L5 level.

(Tr. 163) X-rays were taken again on November 13, 2000 showing marked disc space narrowing at L6-S1. The left transverse process was fused to the sacrum. The vertebral body heights were well maintained and aligned with no evidence of spondylolysis. The impression was moderately severe degenerative disc disease at L6-S1 with left pseudoarthrosis. (Tr. 154)

On November 13, 2002, Claimant presented for treatment at the VA Medical Center and was treated by Dr. B. Haywood. Claimant complained of low back pain, with tingling, numbness, and a sharp pain radiating down the leg into his toes. Surgical options were discussed at that time. Dr. Haywood noted Claimant wanted to think about undergoing surgery for awhile and did not want surgery. (Tr. 131)

The ALJ included a discussion of the January 14, 2000 and April 28, 2000 x-rays in his decision. He also included a discussion of the medical notes from Dr. Haywood. (Tr. 182-183)

An ALJ must discuss the evidence supporting his decision, the uncontroverted evidence that he chooses not to rely upon, as well as the significantly probative evidence that he chooses to reject. Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996). An ALJ may not ignore significantly probative evidence that does not support his decision. Briggs ex rel. Briggs v. Massanari, 248 F.3d 1235, 1239 (10th Cir. 2001). Further, an ALJ may not substitute his own medical opinion for that of a physician. Miller v. Chater, 99 F.3d 972, 977 (10th Cir. 1996).

In this case, the ALJ accurately set forth the findings of the Claimant's physicians. The evidence fails to show the ALJ inappropriately interposed his own medical opinion over those of Claimant's physicians.

**Findings Related to Claimant's RFC**

Residual functional capacity is defined by the Social Security Regulations as what a claimant is capable of doing despite his mental and physical limitations. Davidson v. Secretary of Health & Human Services, 912 F.2d 1246, 1253 (10th Cir. 1990); See also: 20 C.F.R. § 404.1545(a). RFC categories have been established based on the physical demands of various kinds of work in the national economy. See: 20 C.F.R. § 404.1567. RFC is a medical assessment based primarily on medical findings such as symptoms, signs, and laboratory results. Additionally, medical and non-medical sources must also be considered in determining RFC. 20 C.F.R. § 404.1545(a).

Light work has been defined as lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a wide range of light work, a claimant must have the ability to do substantially all of these activities. 20 C.F.R. § 404.1567 (b).

In this case, the ALJ determined Claimant retained the RFC to perform a wide range of light work. Claimant's impairments prevented him from lifting or carrying more than ten pounds frequently or more than twenty pounds occasionally; from standing and/or walking for more than six hours in an eight hour workday; from sitting for more than six hours total during an eight hour workday; and from climbing, stooping, kneeling, crouching, or crawling more than occasionally. (Tr. 189)

The medical evidence in this case does not support the ALJ's determination Claimant

retained the RFC to perform a wide range of light work. Claimant was evaluated by Dr. Lanny F. Trotter on May 25, 2000. At that time, Claimant complained of lower back problems subsequent to an unsuccessful surgery. A bulging disc at L5-S1 resulted in numbness in both legs and problems with urination due to loss of feeling from the hip down. Claimant stated that he was unable to bend, walk any distance, sit for long period of time. Dr. Trotter noted a constant pain from tingling to numbness.

On examination, Dr. Trotter found no CVA tenderness or spinous deviation. The cervical spine was tender with 45 degrees flexion and 30 degrees extension. The tenderness was severe and located in the lumbosacral back. The pain decreased if both knees were flexed at that same time. Claimant had constant paraspinous muscle spasms at L5. The thoracic spine was nontender with a full range of motion in all planes. The lumbosacral spine revealed severe pain at 45 degrees flexion and 30 degrees extention. Straight leg testing was negative on the left, in the seated and supine position but was positive at 10 degrees on the right while sitting and lying. He had full range of motion in the upper extremities and in the left lower extremity. The hip abduction on the right was limited at 15 degrees with pain in the lumbosacral spine, while in the neutral position. Claimant was unable to perform hip extension due to severe back pain. Hip flexion with the right knee extended was limited at 10 degrees. Hip abduction on the right was limtied at 15 degrees, with pain in the lumbosacral spine.

Dr. Trotter opined Claimant had degenerative disc disease at L5-S1. He had back pain, leg pain with numbness and tingling. Additionally, Dr. Trotter found transient urinary incontinence, numbness in the legs. (Tr. 122-124)

This Court finds the ALJ's determination Claimant could perform a wide range of light

work was inconsistent with Dr. Trotter's opinion and the remaining credible evidence in the file. The only evidence consistent with the ALJ's RFC determination was provided by non-treating, non-examining physicians. An ALJ is bound by the opinion of agency medical consultants only insofar as they are supported by evidence in the case record. Social Security Ruling 96-6P, 1996 WL 374180, at 2. Such reports are considered of dubious value, when not accompanied by thorough written reports or testimony. Hamlin v. Barnhart, 365 F.3d 1208, 1223 (10th Cir. 2004).

## Conclusion

The Magistrate Judge finds that the decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be REVERSED AND REMANDED for further administrative proceedings as set forth herein. Parties are herewith given ten (10) days from the date of this service to file with the Clerk of the court any objections with supporting brief. Failure to object to the Findings and Recommendations within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

DATED this 3rd day of January, 2006.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE